UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TODD TRAHAN,<br><br>      Petitioner,<br>v.<br><br>STATE OF MINNESOTA,<br><br>      Respondent. | Civil No. 08-4902 (MJD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota. He is serving a 42-month prison sentence that was imposed in the State District Court for Chisago County, Minnesota. Petitioner was sentenced after pleading guilty to driving while intoxicated. (Petition, p. 1, ¶s 1-5.)

Petitioner's current habeas corpus petition indicates that he has appealed his conviction and sentence to the Minnesota Court of Appeals, and his appeal is still pending before that Court. (Id., p. 2, ¶ 9.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The current petition further indicates that Petitioner has filed a separate <u>state</u> habeas corpus petition in Chisago County, Minnesota, which raises several additional challenges to his conviction and sentence. (<u>Id</u>., p. 2, ¶s 10-11.) That state habeas corpus petition is also still pending at this time. (<u>Id</u>., p. 3, ¶ 11.(a).)

Even though Petitioner's criminal case is still pending before the Minnesota state courts, (apparently in both the district court and the Court of Appeals), he has now filed an application for federal habeas corpus relief under 28 U.S.C. § 2254. Petitioner claims that his conviction should be set aside because (1) his guilty plea was entered "without understanding the nature of the charges or the consequences of the plea;" (2) he was denied effective assistance of counsel; and (3) he was "forced to stipulate to the facts of the case as factual predicates before the court." (<u>Id</u>., pp. 4-6, ¶ 12.) The Court finds, however, that Petitioner's federal habeas corpus claims cannot be entertained at this time, because he has not yet exhausted his available state court remedies.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. <u>O'Sullivan</u>, 526 U.S. at 844; <u>Rose</u>, 455 U.S. at 518-19; <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (<u>per</u> <u>curiam</u>). To exhaust his state court remedies, a prisoner must fairly present his claims to the <u>highest available state court</u>, (in Minnesota, the State

Supreme Court), before seeking relief in federal court.  O'Sullivan, 526 U.S. at 845.

In this case, it is readily apparent that none of Petitioner's current claims for relief has ever been adjudicated by either the Minnesota Court of Appeals or the Minnesota Supreme Court.  Indeed, the petition shows that Petitioner is still challenging his conviction and sentence in both the state district court and the state Court of Appeals.  Therefore, Petitioner obviously has not yet given the Minnesota state courts a full opportunity to hear and decide all of his current claims for relief.

Again, a state prisoner must exhaust all of his available state court remedies for all of his claims before he can seek habeas corpus relief in federal court.  Furthermore, a Minnesota state prisoner cannot satisfy the exhaustion of state remedies requirement unless he has presented all of his claims to the Minnesota Supreme Court.  In this case, it clearly appears, on the face of the petition, that none of Petitioner's current claims for relief has been fairly presented to, and decided on the merits by, the Minnesota Supreme Court.  It is therefore evident that Petitioner has not satisfied the exhaustion of state court remedies requirement.

Because Petitioner has not exhausted his state court remedies, his current application for federal habeas corpus relief cannot be entertained.  Therefore, the Court must recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  It will be further recommended that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to satisfy the exhaustion requirement.  Petitioner may return to federal court, if necessary, after the state courts – including the Minnesota Supreme Court – have reviewed, and decided the merits of, <u>all</u> of the claims that he seeks to present in federal court.  See

Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3.  This action be summarily DISMISSED WITHOUT PREJUDICE.

Dated: August 19, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 4, 2008** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.